# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARREN MAR THUNA, | Case No. 2:17-cv-02475-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| CLARK COUNTY CLERK OF COURTS, et al., | |
| Defendants. | |

Presently before the court is incarcerated pro se Plaintiff Barren Mar Thuna's application to proceed *in forma pauperis* (ECF No. 6), filed on November 8, 2017.

## I.   *IN FORMA PAUPERIS* APPLICATION

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

## II.   SCREENING COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Further, a Court may dismiss a claim as factually frivolous if its allegations are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." D*enton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and punctuation omitted). Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Further, the Court must take special note of claims brought under 42 U.S.C. § 1983 that concern conduct related to a plaintiff's criminal conviction. "[I]f a criminal conviction arising out of the same facts [as a § 1983 claim] stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 114 (1994)). The *Heck* rule bars a plaintiff from bringing a suit under § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007).

Here, Plaintiff's initiating documents include a document labeled as a complaint (ECF No. 1-1), but the text of this document contains only a "Notice of intent to file 1983 Civil Rights Complaint." It appears that Plaintiff intends to file suit against the Clark County Clerk of Courts. However, the complaint is only a single page and contains no allegations of any particular dates, and the only fact asserted is that "all violations occurred in Clark County, Nevada." Plaintiff's

complaint does not allege any substantive facts to support her cause of action. The Court will therefore dismiss Plaintiff's complaint with leave to amend.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case, the defendant's involvement in the case, and the approximate dates of its involvement. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give a defendant fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

The amended complaint also must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Regarding jurisdiction, Plaintiff is advised that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

//

//

//

1    IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In
2 Forma Pauperis* (ECF No. 6) is GRANTED. Plaintiff will not be required to pay the filing fee in
3 this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of
4 prepayment of any additional fees or costs or the giving of a security for fees or costs. This order
5 granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at
6 government expense.
7    IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint
8 (ECF No. 1-1).
9    IT IS FURTHER ORDERED that the complaint (ECF No. 1-1) is DISMISSED without
10 prejudice for failure to state a claim upon which relief can be granted, with leave to amend.
11    IT IS FURTHER ORDERED that Plaintiff shall have thirty days from the date of this
12 order to file an amended complaint. Failure to file an amended complaint will result in a
13 recommendation that this case be dismissed.

15    DATED: March 28, 2018

17                                         C.W. HOFFMAN, JR.
                                           UNITED STATES MAGISTRATE JUDGE